DA 13-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 138N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

FREDERICK CALHOUN PICKENS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 11-473
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Johnna K. Baffa; Van de Wetering & Baffa, P.C.; Missoula,
Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney; Jason Marks,
Deputy County Attorney; Missoula, Montana

Submitted on Briefs:  April 30, 2014

Decided:  May 27, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Frederick Calhoun Pickens (Pickens) appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to dismiss for lack of speedy trial, and from his conviction for driving under the influence of alcohol. We affirm.

¶3    On March 18, 2011, Pickens was charged by citation with four misdemeanors: driving under the influence of alcohol, first offense; driving without a valid driver's license; displaying license plates assigned to another vehicle; and operating a vehicle with an expired registration. Pickens entered pleas of not guilty to the charges on March 21, 2011. On May 4, 2011, the Missoula Justice Court held an omnibus hearing during which the matter was continued until June 1, 2011. In his notes from the hearing, the justice of the peace noted: "6/1/11 at 10:00 am" and "Δ's request."[1] Apparently, the State's notes from the hearing also indicate that Pickens requested a continuance. At the June 1 omnibus hearing, the matter was rescheduled for hearing in July; there are no notes in the record indicating why this hearing was continued. During a July 6, 2011

---

[1] It is common practice in Missoula justice courts to use the symbol for delta to refer to a defendant.

2

hearing, Pickens confirmed that he desired a jury trial. The trial was set for September 22, 2011.

¶4 On September 21, 2011, Pickens orally moved to dismiss the charges against him, alleging that his right to a speedy trial had been violated. The acting justice of the peace denied Pickens's motion, finding Pickens had requested a continuance on May 4, 2011, and concluding he was responsible for the delay. On September 22, 2011, Pickens was convicted on all four counts after a jury trial.

¶5 Pickens timely appealed to the District Court and moved to dismiss for lack of a speedy trial. [2] Pickens asserted that a factual issue existed as to whether he had requested the continuance; however, he did not request an evidentiary hearing. The District Court expressed concern that an evidentiary hearing would be necessary to establish some of the facts cited by the parties in their briefs on the motion. The court specifically told Pickens: "there's [sic] notations in the justice court file that I can draw inferences from, but the justice court isn't a court of record. And so, do you need an evidentiary hearing on the speedy trial issues?" Pickens asked if the District Court would make inferences from the Justice Court notations and said "[t]hat's absolutely okay." Pickens later filed a notice of issue indicating that the matters raised in his motion were ready for ruling by the District Court.

---

[2] Pickens raised several other grounds for dismissal, but the speedy trial motion is the only motion at issue on appeal.

¶6 The District Court denied the motion to dismiss on July 24, 2012. The District Court referenced the Justice Court's findings that the May 4, 2011 continuance was based upon Pickens's motion, and that the 27-day delay between May 4 and June 1, 2011, was thus attributable to Pickens. The District Court noted that Pickens did not request an evidentiary hearing on the motion, and that "[t]here are no affidavits or other evidence to contradict the records of the Justice Court and the County Attorney, as well as the September 21, 2011 finding of fact by the Justice Court [that the delay was attributable to Pickens]." The court concluded that because the 27-day delay was attributable to Pickens, the September 22, 2011 trial was timely. On January 30, 2013, Pickens was convicted of all four offenses after a district court trial. Pickens timely appealed.

¶7 We first address Pickens's argument that the District Court erred in denying his motion to dismiss because it failed to conduct a de novo review of the record. Not only did Pickens fail to request an evidentiary hearing on his motion in the District Court, he affirmatively told the District Court that he did not want a hearing and that the court could rely on the Justice Court's notations. This Court has consistently held that it will not consider issues raised for the first time on appeal. *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38 (citations omitted). By failing to raise an objection in the District Court regarding de novo review, Pickens has failed to properly preserve this issue for appeal and has waived his right to have the issue considered by this Court.

¶8 Pickens concedes that he failed to object in the District Court or to raise the plain error doctrine in his initial brief, but he argues in his reply brief that this Court should

4

nevertheless use plain error review. We invoke plain error review only "where failing to review the claimed error may result in a manifest mischarge of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *In re J.S.W.*, 2013 MT 34, ¶ 15, 369 Mont. 12, 303 P.3d 741 (citations and internal quotation marks omitted). Pickens has failed to persuade this Court that there is any error to review, let alone that a failure to review the alleged error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. Therefore, we decline to exercise plain error review.

¶9 We next turn to Pickens's argument that his conviction should be overturned because there was insufficient evidence to support it. This Court views the facts in a light most favorable to the State when reviewing whether evidence was sufficient to support a criminal conviction. *State v. Hocevar*, 2000 MT 157, ¶ 23, 300 Mont. 167, 7 P.3d 329. "The standard of review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hocevar*, ¶ 23 (citation and internal quotation marks omitted). Section 61-8-401(1)(a), MCA, sets forth the elements of driving under influence of alcohol, namely that "a person who is under the influence of alcohol" is "[driving] or [] in actual physical control of a vehicle upon the ways of this state open to the public."

¶10 Our review of the record indicates there was sufficient evidence for a rational trier of fact to find the elements of driving under the influence of alcohol beyond a reasonable

5

doubt. There were several empty 24-ounce beer cans in the vehicle, as well as an open 24-ounce beer can. Pickens presented no evidence that someone else had driven the vehicle or consumed the alcohol in the vehicle that day.[3] The Montana Highway Patrol trooper testified that Pickens smelled of alcohol and had bloodshot and glassy eyes. Pickens admitted he had been drinking before he drove the car, and his wife testified that he "drank some beers" and passed around a bottle of liquor not long before he began driving. We decline to reverse Pickens's conviction as there was sufficient evidence to support it.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence, and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. We therefore affirm the District Court's order denying Pickens's motion to dismiss and also affirm Pickens's conviction.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

---

[3] This case involves a complicated factual scenario in which Pickens was driving the vehicle when he ran out of gasoline and parked on the side of the road. Pickens left for gasoline and the vehicle was unattended for somewhere between 15 and 60 minutes. When he returned to the vehicle, the state trooper was already at the scene.